## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES, LTD., | ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) Civ. No. 02-1512-SLR ) (Consolidated) |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE and LABORATOIRES FOURNIER S.A., | ) ) ) ) ) |
| Counterclaim Defendants. | ) |
| | |
| IMPAX LABORATORIES, INC., | ) ) |
| Counterclaim Plaintiff, | ) ) |
| v. | ) Civ. No. 03-120-SLR ) (Consolidated) |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE and LABORATOIRES FOURNIER S.A., | ) ) ) ) ) |
| Counterclaim Defendants. | ) |
| | |
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) Civ. No. 05-340-SLR ) (Consolidated) ) |
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) Civ. No. 05-360-SLR ) (Consolidated) ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of October 2008, having reviewed the Indirect Purchaser Plaintiffs' ("IPP"s') motion for approval of their proposed notice plan (D.I. 433) and the papers filed in connection therewith (D.I. 434, 436, 437, 466);

IT IS ORDERED that said motion (D.I. 433) is granted, for the reasons that follow:

1. The parties agree upon the form and content of the proposed notice (D.I. 466), subject to only the legal issues regarding the scope of dissemination of the notice and whether there are opt-out rights.

2. The court understands that some ambiguity resulted from the fact that the IPPs moved for certification pursuant to both Rules 23(b)(2) and (b)(3) (D.I. 116), the court's memorandum opinion analyzed the IPPs' motion for certification pursuant to Rule 23(b)(2) (D.I. 429), and the court's order provided for a form of notice that complies with Rule 23(c)(2)(B) – a provision relating to Rule 23(b)(3) classes (D.I. 430). To be clear, the IPP class was certified as a Rule 23(b)(2) class. Accordingly, the court did not discuss the two additional requirements for a Rule 23(b)(3) class in its memorandum opinion. (D.I. 429)

3. Insofar as the IPP class is a Rule 23(b)(2) class, the proposed notice (D.I. 466, ex. A) accurately reflects that no mechanism for requesting exclusion (or "opt-out") is available.

4. The court agrees with the IPPs that "incurring the expense associated with publication of the proposed notice in newspapers and/or magazines [as] unnecessary and unwarranted" at this time. At oral argument, the IPPs notified the court that a month's lead time would be required to effect such publications, and the court declines

to order such publication in its discretion about a month prior to trial November 10, 2008. *See gen.* Fed. R. Civ. P. 23(c)(2)(A) ("the court **may** direct appropriate notice to the class") (emphasis added). The IPPs propose disseminating the proposed notice via a webpage that includes pleadings, orders, and a toll-free hot line number. (D.I. 434 at 6) Copies of the proposed notice will be sent by mail to those requesting one. (*Id.*) The IPPs also propose issuing a press release, and a direct mail notice to approximately 42,500 third-party payors. This notice plan is sufficient at this time pursuant to Rule 23(c)(2)(A); the IPPs represent that a more extensive media publication will be proposed should a Rule 23(b)(3) class be certified either for litigation or settlement.

In view of the foregoing, IT IS HEREBY ORDERED that:

5. Complete Claim Solutions, Inc. is designated as Notice Administrator.

6. On or before October 15, 2008, the Notice Administrator shall:

a. establish a TriCor® Litigation webpage on its website for IP class members to learn about the litigation. The webpage must include access to the notice found at D.I. 466, ex. A. The webpage may also include pleadings, orders of the court, and any updates on the progress of the litigation;

b. establish a staff and a toll-free hot line number to answer questions from IPP class members and respond to requests for copies of the proposed notice;

c. together with IPP class counsel, issue a business wire press release in a form substantially similar to D.I. 433, ex. B; and

d. cause the notice found at D.I. 466, ex. A to be sent first-class mail to all third-party payors included in its database.

2

7. The Notice Administrator shall provide, by first-class mail or otherwise, a copy of the full notice found at D.I. 466, ex. A to any IPP class member who requests such a copy.

8. On or before October 28, 2008, IPP class counsel shall file an affidavit or declaration demonstrating that notice has been provided to the IPP class in the manner required herein.

9. The deadlines set forth in this order may be altered or expanded upon a showing of good cause.

United States District Judge

3