### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEVA PHARMACEUTICALS USA, Inc., and TEVA PHARMACEUTICAL INDUSTRIES LTD., <br>     Counterclaim Plaintiffs, <br> v. <br> ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., <br>     Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 02-1512 (SLR) <br> (Consolidated) |
| IMPAX LABORATORIES, INC., <br>     Counterclaim Plaintiff, <br> v. <br> ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., <br>     Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 03-120 (SLR) <br> (Consolidated) |
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION <br> THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) ) | C.A. No. 05-340 (SLR) <br> (Consolidated) |

**PLAINTIFFS' PROPOSED PRE-INSTRUCTION**
**ON THE PURPOSES OF THE HATCH-WAXMAN ACT**

At the October 6, 2008 pretrial conference, the Court invited the parties to submit a proposed joint pre-instruction to the jury on the purposes of the Hatch-Waxman Act, stating "the jury has to have an understanding of what is going on here, so the parties either have to work together to give some kind of joint presentation or it has to be done through the experts. . . . I can say whatever you want me to say at the beginning as kind of a tutorial or it can be done through experts, by the jury needs the information."  Oct. 6, 2008 Hearing Tr. at 51.  Plaintiffs respectfully submit the following proposed pre-instruction, which they have twice raised with Defendants and have received no response:

Throughout this case you will hear the parties refer to a statute officially known as the Drug Price Competition and Patent Term Restoration Act of 1984.  It is more commonly known as the "Hatch-Waxman Act."  You should take this law and its purpose into account in your consideration of this case.  [*Verizon Comm., Inc. v. Trinko*, 540 U.S. 398, 411 (2004)].

Congress enacted the Hatch-Waxman Act to serve two important goals in the prescription drug market:  first, to make low-cost generic drugs more available to the public, and second, to encourage research and development by brand name companies.  [Pfizer Inc. v. Ranbaxy Laboratories Ltd.  321 F.Supp.2d 612, 617 (D.Del.,2004); *see also* "Abbreviated New Drug Application Regulations; Patent and Exclusivity Provisions," Rules and Regulations of the Department of Health and Human Services, 59 Fed.Reg. 50338, 21 C.F.R. Part 314 (Oct. 3, 1994).]

In passing the Hatch-Waxman Act, Congress made an economic judgment about the best means by which to achieve these two goals and balance these two competing interests.  [*See, e.g.. Watson Pharmaceuticals, Inc. v. Henney,* 194 F.Supp.2d 442, 444 (D. Md., 2001)]  First, they granted makers of brand name drugs additional exclusive marketing periods for new drugs

during which time generic companies cannot gain FDA approval for, or market, their equivalent generic versions in competition to the brand name drugs.  These additional exclusive marketing periods that Congress granted to brand name pharmaceutical companies for new drugs allow them the opportunity to earn more profits on their drug as a reward and incentive for developing new products. [*Abbott Laboratories v. Young*, 920 F.2d 984, 985 (D.C. Cir. 1990)]

The exclusive marketing period that the brand name drugs receive is generally limited to a single five year period from the date that a new drug was approved by the FDA.  [*See Merck & Co., Inc. v. Kessler,* 80 F.3d 1543, 1547 (Fed. Cir. 1996)]   In some circumstances additional exclusivity periods of three years are available if significant new clinical investigations are undertaken.  21 C.F.R. § 314.10.

Second, in exchange for these additional exclusive marketing periods for brand name drugs, Congress wanted to ensure that less expensive generic versions of brand name drugs would get to market fast once all exclusive marketing periods expired. [*Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007).]  Congress intended to achieve this by allowing manufacturers of generic drugs to use quick FDA approval processes and enacting a system by which generic drugs are deemed to be equivalent to brand name drugs. [*See* 44 Fed. Reg. 2932 (1979).]

The Hatch-Waxman Act represents the decision of the federal government establishing the balance of economic interests in the pharmaceutical industry between granting exclusive marketing periods to encourage innovation and the competing interest of ensuring the public has access to lower-cost generic drugs.  You may consider that Congressional judgment in your evaluation of the effects of the conduct at issue in this case.


Dated: October 27, 2008

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Josy W. Ingersoll (#1088)<br>Karen E. Keller (#4489)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801<br>(302) 571-6600<br>jingersoll@ycst.com<br>kkeller@ycst.com | MORRIS JAMES LLP<br><br>    /s/ Mary B. Matterer<br>Mary B. Matterer (#2696)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801<br>(302) 888-6800<br>mmatterer@morrisjames.com |
| GOODWIN PROCTER LLP<br>David M. Hashmall<br>Christopher T. Holding<br>Sarah Heaton Concannon<br>Exchange Place<br>Boston, MA  02109-2881<br>(617) 570-1000 | KEKER & VAN NEST<br>Robert A. Van Nest<br>Mark A. Lemley<br>Asim M. Bhansali<br>Paula L. Blizzard<br>710 Sansome Street<br>San Francisco, CA  94111<br>(415) 391-5400 |
| *Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceuticals Industries Ltd., and Novopharm Ltd.* | *Attorneys for Impax Laboratories Inc.* |
| ROSENTHAL, MONHAIT & GODDESS, P.A.<br>Jeffrey S. Goddess (#630)<br>Jessica Zeldin (#3558)<br>919 Market Street, Suite 1401<br>P.O. Box 1070<br>Wilmington, DE  19899-1070<br>(302) 656-4433<br>jgoddess@rmgglaw.com | PRICKET, JONES & ELLIOTT, P.A.<br>Elizabeth M. McGreever (#2057)<br>1310 King Street<br>P.O. Box  1328<br>Wilmington, DE  19899<br>(302) 888-6521<br>emmcgeever@pricket.com |
| GARWIN, GERSTEIN & FISHER, L.L.P.<br>Bruce E. Gerstein<br>Barry Taus<br>Adam Steinfeld<br>1501 Broadway, Suite 1416<br>New York NY  10036<br>(212) 398-0055 | KENNY NACHWALTER, P.A.<br>Richard Allen Arnold<br>Scott E. Perwin<br>Lauren Ravkind<br>1100 Miami Center<br>201 S. Biscayne Boulevard<br>Miami, FL  33131-4327<br>(305) 373-1000 |
| *Liaison Counsel for Direct Purchasers* | *Counsel for Walgreen Co., Eckerd Corp., The Kroger Co., Maxi Drugs, Inc. d/b/a Brooks Pharmacy, Albertson's Inc., Safeway, Inc. and Hy-Vee, Inc., CVS Pharmacy, Inc., Rite Aid Corp. and Rite Aid Hdqtrs Corp., and American Sales Company, Inc.* |